**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>v.<br><br>James M. Holoubek and Brenda L.<br>Holoubek,<br><br>    Respondents.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV-06-761-PHX-SMM<br><br>**ORDER** |

  On November 22, 2005, Petitioner filed a verified petition to enforce an IRS summons (the "Petition") with respect to Respondents James Holoubek and Brenda Holoubek ("Respondents").  On February 13, 2006, Respondents filed their "Defense and Objections Pursuant to FRCP Rule 12" (the "Defense and Objections"). (Dkt. 10.) On March 14, 2006, in response to an Order to Show Cause issued to Respondents on December 2, 2005, the Court held a hearing.  At the hearing, Respondents made an oral Motion to Quash the IRS Summonses issued to them.  Petitioner filed a response to the Motion to Quash (dkt. 17), and Respondents replied (dkt. 18).  Having considered the Petition and its supporting documents, the Defense and Objections of Respondents, the response and reply to the Motion to Quash, and the arguments of both parties at the hearing, the Court issues this Order.

## **FACTUAL & PROCEDURAL BACKGROUND**

  Petitioner is conducting an investigation into the tax liabilities of Respondents for the tax years 2001, 2002, and 2003.  (Dkt. 1 at ¶ 7; Dkt. 4 at ¶ 2.)  In connection with that investigation, Petitioner believes that Respondents have in their possession and control documents relevant to the IRS's inquiry.   (Dkt. 1 at ¶ 8; Dkt. 4 at ¶3.)  Accordingly, on

November 17, 2004, Revenue Agent Anthony Mendenhall issued two IRS summonses directing each of the Respondents to appear at the IRS office in Tempe, Arizona, on December 2, 2004, "to give testimony and produce for examination certain books, papers, records, or other data" (the "Summonses"). (Dkt. 1 at ¶8; Dkt. 4 at ¶3; Dkt. 16, Exs. A-B.) That same day, Revenue Agent Mendenhall served the Summonses on Respondent Brenda Holoubek by hand at Respondents' residence. (Dkt. 1 at ¶9; Dkt. 4 at ¶4; Dkt. 16, Exs. A-B.) On November 23, 2004, Respondents returned the Summonses to Revenue Agent Mendenhall by priority mail. (Dkt. 1 at ¶ 10; Dkt. 4 at ¶ 5.) On December 2, 2004, Respondents failed to appear as directed by the Summonses. (Dkt. 1 at ¶10; Dkt. 4 at ¶ 5.) To date, Respondents have failed to comply with the Summonses. (Dkt. 4 at ¶ 5.) Petitioners thus filed their verified Petition and a Motion for an Order to Show Cause on November 22, 2005. (Dkts. 1, 3, 4, 16.)

On December 6, 2005, this Court issued an Order to Show Cause, giving Respondents an opportunity to explain why they should not be compelled to obey and comply with the IRS Summonses. (Dkt. 5.) Petitioner was instructed to personally serve Respondents with the Order to Show Cause, the verified Petition and the Declaration of Revenue Agent Mendenhall within twenty-one days of the Court's order. (Id.) Petitioner has submitted evidence showing that each of these documents were properly and timely served by hand delivery to Respondent James Holoubek on December 20, 2005. (Dkt. 9.) On December 28, 2005, Respondents filed a motion to dismiss the case for lack of subject matter jurisdiction. (Dkt. 6.) On January 23, 2006, this Court denied the motion to dismiss. (Dkt. 8.) On February 13, 2006, Respondents filed their Defense and Objections (dkt. 10), to which Petitioner has responded (dkt.13).

On March 14, 2006, this Court held a hearing, at which Respondents made an oral Motion to Quash the IRS Summonses. Petitioner responded to the Motion to Quash on March 20, 2006 (dkt. 17), and Respondents replied on April 13, 2006 (dkt. 18).

///

## DISCUSSION

"The IRS may issue a summons only for the purposes set out in 26 U.S.C. § 7602(a). Those purposes are 'ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability.'" Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting § 7602(a)) (citation omitted). To enforce a summons, the government must satisfy the factors set forth in United States v. Powell, 379 U.S. 48 (1964). That is,

> the government must establish that (1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code.

Crystal, 172 F.3d at 1143-44. "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993). The burden is minimal "'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" Crystal, 172 F.3d at 1144 (citation omitted).

That being said, the government's "mere assertion of relevance may not satisfy [its] burden. 'Once a summons is challenged, it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose. . . . The cases show that the federal courts have taken seriously their obligation to apply this standard to fit particular situations, either by refusing enforcement or narrowing the scope of the summons.'" United States v. Bell, 57 F.Supp.2d 898, 906 (N.D.Cal. 1999). (citation omitted).

In the present case, Petitioners have met their burden of meeting the Powell requirements, largely through the verification of the Petition by Revenue Agent Mendenhall. See Crystal, 172 F.3d at 1144 (stating that it was not disputed that special agent's declaration

1   satisfied the <u>Powell</u> requirements and that therefore the government had "established a prima

2   facie case to enforce the summonses"); <u>Bell</u>, 57 F.Supp.2d at 906 ("The government usually

3   makes the requisite *prima facie* showing by affidavit of the agent.").

4       The verified Petition indicates that the IRS's investigation is being conducted for a

5   legitimate purpose, namely, to determine the federal tax liabilities of Respondents for the tax

6   years 2001, 2002, and 2003.  <u>See</u> Dkt. 4 at ¶¶ 2-3; Dkt. 16, Exs. A-B.  The Summonses are

7   relevant to that purpose, asking Respondents to appear and bring with them documents

8   related to their taxable income, <u>see</u> dkt. 4 at ¶6; dkt. 16, Exs. A,B.  The information sought

9   is not already in the IRS's possession.  <u>See id.</u> at ¶7 (stating that "[t]he testimony, books,

10  records, papers and other data sought by the summonses are not already in the possession of

11  the IRS").  Finally, as stated in the verified Petition, the IRS has complied with all the

12  administrative steps required by the Internal Revenue Code – "in particular, that 'the

13  Secretary or his delegate,' after investigation, has determined the further examination to be

14  necessary and has notified the taxpayer in writing to that effect."  <u>Powell</u>, 379 U.S. at 58; <u>see</u>

15  Dkts. 1 at ¶ 12 ("All administrative steps required by the Internal Revenue Code for the

16  issuance of an IRS summons have been substantially followed."); Dkt. 4 at ¶ 4 & Exs. A, B

17  (confirming service of Summonses on Respondents by hand).  Given that the <u>Powell</u>

18  requirements have been met, the government has established a prima facie case to enforce

19  the Summonses.

20      Once the government has established the <u>Powell</u> elements, "'those opposing

21  enforcement of a summons . . . bear the burden to disprove the actual existence of a valid

22  civil tax determination . . .  purpose by the Service." <u>United States v. Jose</u>, 131 F.3d 1325,

23  1328 (9th Cir.1997) (en banc) (quoting <u>United States v. LaSalle Nat'l Bank</u>, 437 U.S. 298,

24  316 (1978)).  Once the prima facie case is made, "a 'heavy' burden falls upon the taxpayer

25  to show" failure to satisfy the <u>Powell</u> requirements, an abuse of process, or the lack of

26  institutional good faith. <u>Dynavac</u>, 6 F.3d at 1414; <u>Crystal</u>, 172 F.3d at 1444.  "Such an abuse

27  would take place if the summons had been issued for an improper purpose, such as to harass

28

4

the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation."   Crystal, 172 F.3d at 1444 (citation omitted).  In addition, "it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances."  Id.

In response to the Order to Show Cause, Respondents' raised several legal points purporting to justify their refusal to appear for examination or to produce the documents summoned by Petitioner.  (Dkt. 10.)  The Court has distilled the following defenses from Respondents' papers and arguments at the hearing.

First Respondents contend the government's failure to publish in the Federal Register the Treasury Department Orders delegating the Secretary's power to administer various aspects of the tax laws to the Commissioner leaves the IRS and its officers powerless to investigate tax violations.  (Dkt. 10 at ¶¶ 1.)

This contention cannot withstand a full reading of the Federal Register Act, 44 U.S.C. §§ 1501 to 1511 (the "Act").  The Act requires the publication in the Federal Register of the following items only:

> (1) Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;
>
> (2) documents or classes of documents that the President may determine from time to time have general applicability and legal effect; and
>
> (3) documents or classes of documents that may be required so to be published by Act of Congress.

44 U.S.C. § 1505(a)(1)-(3).

The Treasury Department Orders are not Presidential proclamations or documents cited for publication by the President or by an Act of Congress.  Nor are they orders having

"general applicability and legal effect." Id. § 1505(a)(2).  Rather, the Treasury Department Orders fall squarely within section 1505(a)(1)'s express exception for orders "effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof." Id. § 1505(a)(1).  The Treasury Department Orders have no legal impact on, or significance for, the general public.  They simply effect a shifting of responsibilities wholly internal to the Treasury Department.  Accordingly, the Federal Register Act does not mandate the publication of the Treasury Department Orders.  United States v. Saunders, 951 F.2d 1065, 1067-68 (9th Cir. 1991) ("we hold that the Federal Register Act does not mandate the publication of the [Treasury Department Orders] and that, as a consequence, the government's failure to publish them does not affect the validity of the Secretary's delegation of authority to the Commissioner").  As a consequence, the government's failure to publish the Treasury Department Orders does not affect the validity of the Secretary's delegation of authority to the Commissioner.  Id.

Respondents' second argument is difficult to understand but apparently is as follows: the IRS was without power to issue the summons under § 7602 because "civil and criminal penalties attach only upon the violation of a regulation promulgated by the Secretary." (Dkt. 10 at ¶ 2.)  Respondents are simply mistaken.

Section 7602 authorizes the Secretary of the Treasury to issue summonses for the purposes of determining the tax liability of "any person."   26 U.S.C. § 7602(a)(2).  Similarly, Treasury regulation 26 C.F.R. § 301.7602-1 authorizes the government to issue summonses under § 7602 of the Code:

> (a) For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . any authorized officer or employee of the Internal Revenue Service may examine any books, papers, records or other data which may be relevant or material to such an inquiry; and take such testimony of the person concerned, under oath, as may be relevant to such inquiry.

1     (b) For the purposes described in § 301.7602-1(a), the Commissioner is

2     authorized to summon the person liable for tax . . . to appear before one or

3     more officers or employees of the Internal Revenue Service . . . [and the]

4     Commissioner may designate one or more officers or employees of the IRS as

5     the individuals before whom a person summoned pursuant to section . . . 7602

6     shall appear.

26 C.F.R. Treas. Reg. § 301.7602-1(a)(b).  Thus, the IRS has both statutory and regulatory authority to issue the Summonses at issue here.

Respondents' third assertion – that the IRS lacks the authority to issue an administrative summons to determine an individual income tax liability, and only has the authority to issue administrative summons pertaining to "alcohol, tobacco and firearms, narcotic, and import and export taxes" fails.  To support this argument, Respondents attach a page from the index to the C.F.R. indicating the regulations that purportedly provide the ATF with authority to implement the relevant Code sections.

The Summonses were issued pursuant to 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.  (Dkt. 4 at ¶1.)  Title 26 U.S.C. § 7601 gives the IRS Commissioner, as the Secretary's delegate, "a broad mandate to investigate and audit" persons to ensure compliance with federal tax laws.  United States v. Bisceglia, 420 U.S. 141, 145 (1975).  As a necessary incident to this investigatory power, Congress gave the Commissioner expansive authority in Section 7602(a) to examine records, to issue summonses, and to take testimony "[f]or the purpose of . . . determining the liability of *any person* for any internal revenue tax . . . or the liability at law[,] . . . or collecting any such liability," as well as for "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(a)-(b) (emphasis added).  The statute, by its very language, imposes no restrictions that limit the scope of the summons authority to persons involved in alcohol, tobacco, and firearms activities.  As a result, Section 7602(a) imbues the IRS with expansive authority to gather information when conducting tax investigations.  See United States v.

7

1   Arthur Young & Co., 465 U.S. 805, 813-15 (1984).  Moreover, Treasury regulation 26

2   C.F.R. § 301.7602-1, which has already been set forth previously in this Order, likewise

3   makes the same pronouncement by authorizing the IRS to implement § 7602 with respect to

4   "any person."  Supra at 6-7.

5          Finally, Respondents also appear to argue that the Petition should not be enforced

6   because Revenue Agent Mendenhall lacked authority to issue the Summonses.  (Dkt. 10 at

7   ¶ 4.)  Respondents are incorrect.

8          As previously explained, the Internal Revenue Code authorizes the Secretary of the

9   Treasury, or his delegate, to issue administrative summonses for the purpose of ascertaining

10  the correctness of any return or determining the liability of any person for any Internal

11  Revenue tax.  See 26 U.S.C. § 7602.  Anthony Rodney Mendenhall is a Revenue Agent of

12  the Internal Revenue Service and is authorized to issue and serve an IRS summons pursuant

13  to the authority of 26 U.S.C. §§ 7602, 7608 and 26 C.F.R. § 301.7602-1(b)(1)-(2), and IRS

14  Delegation Order No. 4, as revised.  (Dkt. 4 at ¶ 1.)   As set forth above, Respondents'

15  contention that the delegated authority from the Secretary of the Treasury to the

16  Commissioner of the Internal Revenue is invalid has been resoundingly rejected by the

17  federal courts.  See Saunders, 951 F.2d at 1067-68 (citing courts rejecting invalid delegation

18  argument); supra at 5-6.  The Treasury Delegation Orders are contained in the Internal

19  Revenue Manual and are easily accessible to members of the public.  See Saunders, 951 F.2d

20  at 1067-68.

21         At the March 14, 2006 hearing, Respondents made an oral motion to quash the

22  Summonses issued to them.  In support of their Motion to Quash, Respondents argue that the

23  IRS lacks authority to examine their books and records because the regulations implementing

24  26 U.S.C. § 7602 were promulgated under Title 27, U.S.C., which pertains exclusively to

25  alcohol, tobacco, and firearms ("ATF").  (Dkt. 18 at 1-2.)  Respondents are simply mistaken.

26  / / /

27  / / /

28                                                        8

The plain language of 26 U.S.C. § 7602(a) allows the IRS to summon "any person" to determine his or her tax liability.  The statute, by its very language, imposes no restrictions that limit the scope of the summons authority to persons involved in alcohol, tobacco, and firearms activities.  Because the summoning authority of the IRS is plainly, unambiguously and expansively conferred upon that agency by the clear provisions of Section 7602(a) itself, the Statute requires no regulatory "assistance" in order to implement its provisions.  This is the obvious distinguishing feature between Section 7602(a) and the cases cited by Respondents in support of their "implementing regulation" argument.  See California Bankers Ass'n v. Schultz, 416 U.S. 21, (1974); United States v. Murphy, 809 F.2d 1427 (9th Cir.1987).[1]  Each of these cases involved provisions of the Currency Reporting Act, see Title 31 U.S.C. § 5313(a). Unlike Section 7602(a), this statutes expressly provide for interpretative regulations in order to fully implement their statutory mandates.

Alternatively, the Court rejects Respondents' "implementing regulation" argument because Treasury regulation 26 C.F.R. § 301.7602-1, which has already been set forth in this order, also allows the IRS to summon "any person" to determine his or her tax liability.  The IRS therefore has both statutory and regulatory authority to issue the summons.  Because Treasury regulation § 301.7602-1 authorizes the IRS to implement § 7602 with respect to "any person," the ATF regulations are not the exclusive source of authority for summons issued pursuant to 26 U.S.C. § 7602.  The Court therefore rejects Respondents' argument that the authority delegated to the IRS to issue administrative summonses is limited to matters involving alcohol, tobacco, and firearms.

In sum, the Court finds that Petitioner has satisfied the Powell requirements and that Respondents have not demonstrated bad faith, abuse of process, or any other meritorious

---

[1]        The Court rejects as inapposite Respondents' reliance on Justice Thomas's dissent in Boeing Co. v. United States, 537 U.S. 437, 458 (2003), the Supreme Court's decision in Lyeth v. Hoey, 305 U.S. 188 (1938), which concerns inheritance taxes, Azanipour v. Immigration and Naturalization Service, 866 F.2d 743, 746 (5th Cir. 1989), which concerns immigration regulations, and United States v. Cartwright, 411 U.S. 546 (1973), because section 7602 does not require an implementing regulation and is implemented by 26 C.F.R. §301.7602-1 in any event.

defense.  The Court will therefore grant the Petition to enforce the IRS Summonses.

Accordingly,

**IT IS HEREBY ORDERED** that the Petitioner's Petition to Enforce the IRS Summonses is **GRANTED** (Dkt. 1.)

**IT IS FURTHER ORDERED** that Respondents' oral Motion to Quash is **DENIED**. (Dkt. 14.)

**IT IS FURTHER HEREBY ORDERED** that Respondents James M. Holoubek and Brenda L. Holoubek appear for examination before the IRS on Thursday, June 15, 2006, at 40 West Baseline Road, Suite 205, Tempe, Arizona, 85283 (602) 207-8275 and to testify and produce the requested books, records, and documents in compliance with the Summonses. For Respondents' convenience, the Summonses are attached to this Order.

**IT IS FURTHER ORDERED** that failure to comply with the Summonses, in the absence of good cause, may result in a finding of contempt of court, which may lead to incarceration and/or monetary penalty.

DATED this 15th day of May, 2006.

_____
Stephen M. McNamee
United States District Judge

Ex. A



# Summons

In the matter of  the tax liability of James M. Holoubek, 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

Internal Revenue Service (Division):  Small Business/ Self-employed Operating Division

Industry/Area (name or number):  ATAT, Compliance, Western Area

Periods:  ending December 31, 2001; December 31, 2002; and December 31, 2003

### The Commissioner of Internal Revenue

**To:**  James Holoubek

**At:**  11219 North 70th Street, Scottsdale, Arizona 85254

You are hereby summoned and required to appear before  ANTHONY MENDENHALL, Internal Revenue Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHED DOCUMENTS

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

40 West Baseline Road, Suite 205, Tempe, Arizona 85283   Telephone: (602) 207-8725

**Place and time for appearance at**  40 West Baseline Road, Suite 205, Tempe, Arizona 85283

# IRS

on the ___ Second ___ day of ___ December ___ 2004 ___ at ___ 09:00 ___ o'clock ___ a. ___ m

Issued under authority of the Internal Revenue Code this  15th  (year) day of  November , 2004 (year)

**Department of the Treasury**
**Internal Revenue Service**

Signature of issuing officer          Internal Revenue Agent
                                                              **Title**

**www.irs.gov**

Signature of approving officer (if applicable)          Group Manager, SEP Group
                                                              **Title**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

**Original — to be kept by IRS**

Ex. A.



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| November 17, 2004 | 2:45 |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): Brenda Holoubek

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|-----------|-------|
| Arthur Mendenhall | Internal Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____     Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☒ No notice is required.

| Signature | Title |
|-----------|-------|
| Arthur Mendenhall | Internal Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
| | Internal Revenue Agent |

Form **2039** (Rev. 12-2001)

| Department of the Treasury<br>Internal Revenue Service<br>Attachment to Form 2039 - Summons | Request Number<br>Summons |
|---|---|

| To: (Name of Taxpayer and Company, Division or Branch)<br><br>**James M. Holoubek**<br>**11219 North 70th Street**<br>**Scottsdale, Arizona 85254** | Subject:<br>**Attachment to Form 2039 - Summons** |
|---|---|
| | Submitted to:<br>**James Holoubek** |
| | Dates of Previous Requests: |

**Description of Documents Requested:**

**IT IS IMPORTANT THAT YOU HAVE THE FOLLOWING INFORMATION AVAILABLE FOR OUR APPOINTMENT. PRESENTING ALL THE INFORMATION REQUESTED WILL EXPEDITE THE EXAMINATION PROCESS.**

1. COPY OF THE FOLLOWING TAX RETURNS AND INFORMATION RETURN FORMS FILED, if applicable:

   A. Any Form 1099 information returns received for the year(s) _2001, 2002, and 2003_ . This includes, but is not limited to the following:
      (1) 1099-S Security Title Agency
      (2) 1099-B National Commodities Corporation
      (3) 1099 INT Desert Schools Credit Union
      (4) 1099 Misc Standard Life Insurance
      (5) 1099 Misc Global Telelink Services, Inc
      (6) 1099-R Citibank
      (7) 1099-R Edward D. Jones and Company Retirement Operations
      (8) 1099-R Franklin Templeton Investor Services

   B. Any Form 1099 information returns issued by you for the year(s) _2001, 2002, and 2003_ .
   C. Complete copy of any U.S. Partnership Return of Income Form 1065 including all schedules and attached information returns for the year(s) _2001, 2002, 2003_ year(s) for which you were either a General Partner or named as the Tax Matters Partner. Including the Form 1065 for Senior Protection Advisory EIN: 86-0998397.

   D. Complete copy of any U.S. Corporation Income Tax Return Form 1120 or 1120S, including all schedules and attached information returns for the year(s) _2001, 2002, 2003_ for each corporation of which you owned more than 50 percent of the total combined voting power of all classes of stock or more than 50 percent of the total value of the stock of the corporation. Including the 1120/ 1120-S for Office of Overseer and His Successors A Corporation Sole for James and Brenda Holoubek.

   E. Complete copy of any U.S. Income Tax Return of a Foreign Corporation Form 1120F, including all schedules and attached information returns for the year(s) _2001, 2002, 2003_ for which you any percentage of the total combined voting power of all classes of stock or more than 25 percent of the total value of the stock of the corporation.

   F. Complete copy of any U.S. Income Tax Return for Estates and Trusts Form 1041, including all schedules and attached information returns for which you were the fiduciary or a beneficiary of the Estate or Trust for the year(s) _2001, 2002, 2003_ .

   G. Copy of any Annual Information Return of Foreign Trust With a U.S. Owner Form 3520-A for the year(s) _2001, 2002, 2003_ for which you are treated as the owner, beneficiary, or manager.

   H. Copy of any Report Of Foreign Bank And Financial Accounts TD F90-22.1 filed for the year(s) _2001, 2002, and 2003_ .

   I. Complete copy of Form 1042, Annual Withholding Tax Return for U.S. Source Income of Foreign Persons including Form(s) 1042S, Foreign Person's U.S. Source Income Subject to Withholding, for the year(s) _2001, 2002, and 2003_ .

| Department of the Treasury<br>Internal Revenue Service<br>Attachment to Form 2039 - Summons | Request Number<br>Summons |
|---|---|

| To: (Name of Taxpayer and Company, Division<br>or Branch)<br><br>James M. Holoubek<br>11219 North 70th Street<br>Scottsdale, Arizona 85254 | Subject:<br>Attachment to Form 2039 - Summons |
|---|---|
| | Submitted to:<br>James Holoubek |
| | Dates of Previous Requests: |

**Description of Documents Requested:**

2.  Copy of any financial statements prepared by or for you for any purpose during or for the year(s) 2001, 2002, 2003 .

3.  All monthly statements for bank or financial accounts at domestic or foreign banks, savings and loans, credit unions, or other financial institution, under any name, over which you had signature or other authority[1] or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, for the period December 1, 2000 through January 31, 2004. In addition, provide duplicate deposit slips and/or verification of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorizations; all cancelled checks and check registers for these accounts. This includes, but is not limited to:

    (a) Desert Schools Federal Credit Union, Account #178578-00
    (b) Desert Schools Federal Credit Union, Account #178685-00

4.  All Statements of Certificate of Deposit for all Certificates of Deposit, Time Deposit, or equivalent accounts at domestic or foreign financial institutions over which you had signature authority or other authority, or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time during the year(s) 2001, 2002, 2003 . In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time.

5.  For any transfers of funds during the year(s) 2001, 2002, 2003 between all bank or financial accounts domestic or foreign over which you have signature or other authority, or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, please provide the following:

    a)  A list of such transfers.
    b)  If you wrote a check from one account that was then deposited into another account provide a copy (front & back) of the cancelled check.
    c)  If you wired the money from one account on which you had authority to another account for which you had authority, provide the wire transfer authorization including a copy of the

\*   \*   \*   \*

[1] **Signature or Other Authority Over an Account**  A person has signature authority over an account if such person can control the disposition of money or other property in it by delivery of a document containing his or her signature (or his or her signature and that of one or more other persons) to the bank or other person with whom the account is maintained.  Other authority exists in a person who can exercise comparable power over an account by direct communication to the bank or other person with whom the account is maintained, either orally or by some other means.

Summons Attachment – Form 2039

| | Department of the Treasury<br>Internal Revenue Service<br>Attachment to Form 2039 - Summons | Request Number<br>Summons |
|---|---|---|
| To: (Name of Taxpayer and Company, Division or Branch)<br><br>**James M. Holoubek**<br>**11219 North 70th Street**<br>**Scottsdale, Arizona 85254** | Subject:<br>**Attachment to Form 2039 - Summons** | |
| | Submitted to:<br>**James Holoubek** | |
| | Dates of Previous Requests: | |

**Description of Documents Requested:**

bank statement of the account from which the money was transferred **and** the statement of the account to which the money was deposited showing this transaction.

**d)** If you deposited cash then provide a bank statement from the account that this cash was withdrawn from, **and** the statement of the account it was deposited to.

**e)** Copies of any advice, correspondence or other direction you may have communicated regarding the withdrawal and/or deposit

6. Documentation of all non-taxable sources of income such as the proceeds of loans, gifts, inheritances, tax refunds, or tax-exempt interest you received in calendar year(s) _2001, 2002, 2003_.

7. Copy of any loan agreements for loans either made by you or obtained by you, which were in existence during the year(s) _2001, 2002, 2003_, including a record of all payments or receipt of principal and interest. For funds loaned by you, provide documentation as to the disbursement of the loan (i.e., cancelled check, wire transfer authorization, etc.) If the funds were borrowed by you and the loan funds were deposited into a bank account, please provide a copy of the bank statement where the funds were deposited and a copy of the deposited item. If the loan funds obtained were not deposited into a bank account please provide documentation to show where the loan funds were disbursed.

8. For any loans made, obtained or existing, or other credit extended or received by you or any entity controlled by you directly, indirectly through power of attorney, letter of wishes or nominee during the _2001, 2002, 2003_ year(s), please provide a complete copy of the loan application and any related correspondence.

9. List of all credit/debit/charge cards, foreign or domestic, under any name, used by you to make purchases, cash withdrawals or advances or to pay expenses for any purpose, including personal or business use, during the year(s) _2001, 2002, 2003_. Include the name or company the card is issued to, the card account number and the name and address of the issuer of the credit/debit/charge card and a copy of the application for card. In addition, provide all charge statements and charge receipts for all cards on such accounts for the year(s) _2001, 2002, 2003_.

10. Please list all other credit/debit/charge cards, under any name, over which you held withdrawal privileges, whether or not actually used.

11. Please provide a schematic diagram of all entities, foreign and domestic, in which you held an ownership interest, legal or beneficial, at any time during the tax year(s) ending December 31, _2001_; December 31, _2002_; and December 31, _2003_. This diagram should include partnerships, joint ventures and trusts as well as corporate entities, including their foreign branches, and any other type of entity provided for by foreign laws, in which you held a direct or indirect, legal or beneficial, ownership interest.

    **a)** Indicate your percentage of ownership interest in each entity.

    **b)** Indicate the country in which the entity was created or organized.

    **c)** Indicate the country where the entity operates.

    **d)** Indicate whether the entity was formed for a particular purpose and what assets are held by the entity.

| Department of the Treasury<br>Internal Revenue Service<br>Attachment to Form 2039 - Summons | Request Number<br>Summons |
|---|---|

| To: (Name of Taxpayer and Company, Division or Branch)<br><br>**James M. Holoubek**<br>11219 North 70th Street<br>Scottsdale, Arizona 85254 | Subject:<br>**Attachment to Form 2039 - Summons** |
|---|---|
| | Submitted to:<br>**James Holoubek** |
| | **Dates of Previous Requests:** |

**Description of Documents Requested:**

   e)   Indicate any changes in ownership occurring during the tax year(s) ending December 31, <u>2001</u>; December 31, <u>2002</u>; December 31, <u>2003</u>.

       1)   Provide detailed information regarding any corporation or other entities which you owned during the above listed years, but which you no longer owned for your calendar year ending December 31, <u>2003</u>. Include the tax treatment of each change.

11. During the tax year(s) <u>2001, 2002, 2003</u> if you and/or your company paid any entity or individual:

   a)   Management Fees
   b)   Consulting Fees
   c)   Research and Development Fees
   d)   Insurance Premiums
   e)   Legal Fees
   f)   Brokerage Fees
   g)   Royalties
   h)   Lease or Rental Fees
   i)   Loan Fees
   j)   Interest
   k)   Salaries or Wages,

Please list the amount of the fees, the name, address and telephone number of the person paid, and the date of each payment. In addition, provide copies of all contracts, agreements, invoices and correspondence concerning the negotiation of, the contracting of and the payment of these fees.

12. Please provide the name, address, and telephone number of each private banker, broker, investment or other financial advisor, advisor on privacy matters, lawyer, and accountant from whom you received advice or services during the year(s) <u>2000 through 2004</u>.

Summons Attachment – Form 2039



# Summons

In the matter of  the tax liability of Brenda L. Holoubek, 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

Internal Revenue Service (Division):  Small Business/ Self-employed Operating Division

Industry/Area (name or number):  ATAT, Compliance, Western Area

Periods: ending December 31, 2001; December 31, 2002; and December 31, 2003

### The Commissioner of Internal Revenue

To: Brenda L. Holoubek

At: 11219 North 70th Street, Scottsdale, Arizona 85254

You are hereby summoned and required to appear before  ANTHONY MENDENHALL, Internal Revenue Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHED DOCUMENTS

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

40 West Baseline Road, Suite 205, Tempe, Arizona 85283  Telephone: (602) 207-8725

**Place and time for appearance at**  40 West Baseline Road, Suite 205, Tempe, Arizona 85283

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the ____Second____ day of ____December____, ____2004____ at ____9:00____ o'clock ___a.___ m.
(year)

Issued under authority of the Internal Revenue Code this  15th  day of ____November____, ____2004____
(year)

Signature of issuing officer

Internal Revenue Agent
Title

Signature of approving officer (if applicable)

Group Manager, SEP Group
Title

**Original — to be kept by IRS**



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| November 17, 2004 | 2:45 pm |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|-----------|-------|
| auth Mendenhall | Internal Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____    Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☒ No notice is required.

| Signature | Title |
|-----------|-------|
| auth Mendenhall | Internal Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|  | Internal Revenue Agent |

Form 2039 (Rev. 12-2001)

| Department of the Treasury Internal Revenue Service Attachment to Form 2039 - Summons | Request Number Summons |
|---|---|

| To: (Name of Taxpayer and Company, Division or Branch)<br><br>**Brenda L. Holoubek**<br>**11219 North 70th Street**<br>**Scottsdale, Arizona 85254** | Subject:<br>**Attachment to Form 2039 - Summons** |
| | Submitted to:<br>**Brenda Holoubek** |
| | **Dates of Previous Requests:** |

**Description of Documents Requested:**

**IT IS IMPORTANT THAT YOU HAVE THE FOLLOWING INFORMATION AVAILABLE FOR OUR APPOINTMENT.  PRESENTING ALL THE INFORMATION REQUESTED WILL EXPEDITE THE EXAMINATION PROCESS.**

1. COPY OF THE FOLLOWING TAX RETURNS AND INFORMATION RETURN FORMS FILED, if applicable:

   A. Any Form 1099 information returns received for the year(s)  _2001, 2002, and 2003_  . This includes, but is not limited to the following:
      (1) 1099-S Security Title Agency
      (2) 1099-B National Commodities Corporation
      (3) 1099 INT Desert Schools Credit Union
      (4) 1099 Misc Standard Life Insurance
      (5) 1099 Misc Global Telelink Services, Inc
      (6) 1099-R Citibank
      (7) 1099-R Edward D. Jones and Company Retirement Operations
      (8) 1099-R Franklin Templeton Investor Services

   B. Any Form 1099 information returns issued by you for the year(s)  _2001, 2002, and 2003_  .
   C. Complete copy of any U.S. Partnership Return of Income Form 1065 including all schedules and attached information returns for the _2001, 2002, 2003_ year(s) for which you were either a General Partner or named as the Tax Matters Partner.  Including the Form 1065 for Senior Protection Advisory EIN: 86-0998397.

   D. Complete copy of any U.S. Corporation Income Tax Return Form 1120 or 1120S, including all schedules and attached information returns for the year(s)  _2001, 2002, 2003_  for each corporation of which you owned more than 50 percent of the total combined voting power of all classes of stock or more than 50 percent of the total value of the stock of the corporation. Including the 1120/ 1120-S for Office of Overseer and His Successors A Corporation Sole for James and Brenda Holoubek.

   E. Complete copy of any U.S. Income Tax Return of a Foreign Corporation Form 1120F, including all schedules and attached information returns for the year(s)  _2001, 2002, 2003_  for which you any percentage of the total combined voting power of all classes of stock or more than 25 percent of the total value of the stock of the corporation.

   F. Complete copy of any U.S. Income Tax Return for Estates and Trusts Form 1041, including all schedules and attached information returns for which you were the fiduciary or a beneficiary of the Estate or Trust for the year(s)  _2001, 2002, 2003_  .

   G. Copy of any Annual Information Return of Foreign Trust With a U.S. Owner Form 3520-A for the year(s)  _2001, 2002, 2003_  for which you are treated as the owner, beneficiary, or manager.

   H. Copy of any Report Of Foreign Bank And Financial Accounts TD F90-22.1 filed for the year(s)  _2001, 2002, and 2003_ .

   I. Complete copy of Form 1042, Annual Withholding Tax Return for U.S. Source Income of Foreign Persons including Form(s) 1042S, Foreign Person's U.S. Source Income Subject to Withholding, for the year(s)  _2001, 2002, and 2003_ .

| Department of the Treasury<br>Internal Revenue Service<br>Attachment to Form 2039 - Summons | Request Number<br>Summons |
|---|---|

| To: (Name of Taxpayer and Company, Division or Branch)<br><br>**Brenda L. Holoubek**<br>**11219 North 70th Street**<br>**Scottsdale, Arizona 85254** | Subject:<br>**Attachment to Form 2039 - Summons** |
|---| --- |
| | Submitted to:<br>**Brenda Holoubek** |
| | **Dates of Previous Requests:** |

**Description of Documents Requested:**

2. Copy of any financial statements prepared by or for you for any purpose during or for the year(s)  2001, 2002, 2003 .

3. All monthly statements for bank or financial accounts at domestic or foreign banks, savings and loans, credit unions, or other financial institution, under any name, over which you had signature or other authority[1] or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, for the period December 1, 2000 through January 31, 2004.  In addition, provide duplicate deposit slips and/or verification of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorizations; all cancelled checks and check registers for these accounts. This includes, but is not limited to:

   (a)  Desert Schools Federal Credit Union, Account #178578-00
   (b)  Desert Schools Federal Credit Union, Account #178685-00

4. All Statements of Certificate of Deposit for all Certificates of Deposit, Time Deposit, or equivalent accounts at domestic or foreign financial institutions over which you had signature authority or other authority, or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time during the year(s) 2001, 2002, 2003 .  In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time.

5. For any transfers of funds during the year(s)  2001, 2002, 2003 between all bank or financial accounts domestic or foreign over which you have signature or other authority, or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, please provide the following:

   a) A list of such transfers.
   b) If you wrote a check from one account that was then deposited into another account provide a copy (front & back) of the cancelled check.
   c) If you wired the money from one account on which you had authority to another account for which you had authority, provide the wire transfer authorization including a copy of the

*   *   *   *

[1] **Signature or Other Authority Over an Account**  A person has signature authority over an account if such person can control the disposition of money or other property in it by delivery of a document containing his or her signature (or his or her signature and that of one or more other persons) to the bank or other person with whom the account is maintained.  Other authority exists in a person who can exercise comparable power over an account by direct communication to the bank or other person with whom the account is maintained, either orally or by some other means.

Summons Attachment – Form 2039

| | Department of the Treasury<br>Internal Revenue Service<br>Attachment to Form 2039 - Summons | Request Number<br>Summons |
|---|---|---|
| To: (Name of Taxpayer and Company, Division or Branch)<br><br>**Brenda L. Holoubek**<br>**11219 North 70th Street**<br>**Scottsdale, Arizona 85254** | Subject:<br>**Attachment to Form 2039 - Summons** | |
| | Submitted to:<br>**Brenda Holoubek** | |
| | Dates of Previous Requests: | |

**Description of Documents Requested:**

   bank statement of the account from which the money was transferred **and** the statement of the account to which the money was deposited showing this transaction.

   d) If you deposited cash then provide a bank statement from the account that this cash was withdrawn from, **and** the statement of the account it was deposited to.

   e) Copies of any advice, correspondence or other direction you may have communicated regarding the withdrawal and/or deposit

6. Documentation of all non-taxable sources of income such as the proceeds of loans, gifts, inheritances, tax refunds, or tax-exempt interest you received in calendar year(s) _2001, 2002, 2003_.

7. Copy of any loan agreements for loans either made by you or obtained by you, which were in existence during the year(s) _2001, 2002, 2003_, including a record of all payments or receipt of principal and interest. For funds loaned by you, provide documentation as to the disbursement of the loan (i.e., cancelled check. wire transfer authorization, etc.) If the funds were borrowed by you and the loan funds were deposited into a bank account, please provide a copy of the bank statement where the funds were deposited and a copy of the deposited item. If the loan funds obtained were not deposited into a bank account please provide documentation to show where the loan funds were disbursed.

8. For any loans made, obtained or existing, or other credit extended or received by you or any entity controlled by you directly, indirectly through power of attorney, letter of wishes or nominee during the _2001, 2002, 2003_ year(s), please provide a complete copy of the loan application and any related correspondence.

9. List of all credit/debit/charge cards, foreign or domestic, under any name, used by you to make purchases, cash withdrawals or advances or to pay expenses for any purpose, including personal or business use, during the year(s) _2001, 2002, 2003_. Include the name or company the card is issued to, the card account number and the name and address of the issuer of the credit/debit/charge card and a copy of the application for card. In addition, provide all charge statements and charge receipts for all cards on such accounts for the year(s) _2001, 2002, 2003_.

10. Please list all other credit/debit/charge cards, under any name, over which you held withdrawal privileges, whether or not actually used.

11. Please provide a schematic diagram of all entities, foreign and domestic, in which you held an ownership interest, legal or beneficial, at any time during the tax year(s) ending December 31, _2001_; December 31, _2002_; and December 31, _2003_. This diagram should include partnerships, joint ventures and trusts as well as corporate entities, including their foreign branches, and any other type of entity provided for by foreign laws, in which you held a direct or indirect, legal or beneficial, ownership interest.

   a) Indicate your percentage of ownership interest in each entity.

   b) Indicate the country in which the entity was created or organized.

   c) Indicate the country where the entity operates.

   d) Indicate whether the entity was formed for a particular purpose and what assets are held by the entity.

| | Department of the Treasury<br>Internal Revenue Service<br>Attachment to Form 2039 - Summons | Request Number<br>Summons |
|---|---|---|
| **To: (Name of Taxpayer and Company, Division or Branch)**<br>**Brenda L. Holoubek**<br>**11219 North 70ᵗʰ Street**<br>**Scottsdale, Arizona 85254** | **Subject:**<br>**Attachment to Form 2039 - Summons** | |
| | **Submitted to:**<br>**Brenda Holoubek** | |
| | **Dates of Previous Requests:** | |

**Description of Documents Requested:**

   e)  Indicate any changes in ownership occurring during the tax year(s) ending December 31, <u>2001</u>; December 31, <u>2002</u>; December 31, <u>2003</u>.

      1)  Provide detailed information regarding any corporation or other entities which you owned during the above listed years, but which you no longer owned for your calendar year ending December 31, <u>2003</u>. Include the tax treatment of each change.

11.  During the tax year(s) <u>2001, 2002, 2003</u> if you and/or your company paid any entity or individual:

   a)  Management Fees
   b)  Consulting Fees
   c)  Research and Development Fees
   d)  Insurance Premiums
   e)  Legal Fees
   f)  Brokerage Fees
   g)  Royalties
   h)  Lease or Rental Fees
   i)  Loan Fees
   j)  Interest
   k)  Salaries or Wages,

Please list the amount of the fees, the name, address and telephone number of the person paid, and the date of each payment. In addition, provide copies of all contracts, agreements, invoices and correspondence concerning the negotiation of, the contracting of and the payment of these fees.

12.  Please provide the name, address, and telephone number of each private banker, broker, investment or other financial advisor, advisor on privacy matters, lawyer, and accountant from whom you received advice or services during the year(s) <u>2000 through 2004</u>.

Summons Attachment – Form 2039